IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AL YAZDCHI, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-00029 |
| § | |
| MERCEDES BENZ USA LLC, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM & ORDER**

Pending before the Court is Defendant Mercedes-Benz USA, LLC's ("MBUSA") Motion to Dismiss and Motion for Summary Judgment. [ECF No. 18]. Plaintiff has filed his response in opposition. [ECF No. 19]. Having considered the motion, response in opposition, summary judgment evidence, and applicable law, the Court herein determines that MBUSA's motion for summary judgment should be granted.

**I.      Background**

This is a products liability case arising from the purchase of a 2000 Mercedes Benz S500 by *pro se* Plaintiff Ali Yazdchi ("Yazdchi"), equipped with an allegedly defective car jack. Yazdchi alleges that while he was traveling on a Texas highway (sometime in December 2016), he used the car jack for the first time to replace a flat tire. [ECF No. 1 ¶ 6]. Yazdchi alleges that when he tried to use the car jack to raise the car, it bent, causing the car to fall on the ground and injure him and damage the car. [*Id.*]. As a result, Yazdchi claims to have suffered severe pain and accrued medical bills to treat his injuries. [*Id.*]. On December 14, 2018, Yazdchi filed his Complaint and an application to proceed *in forma pauperis*, the latter of which was approved on January 3, 2019. Yazdchi's Complaint alleges that MBUSA is liable for his pain and suffering, permanent disability, medical expenses, and lost wages under theories of negligence, gross

negligence, and strict products liability. [*Id.* ¶¶ 7, 10, 12]. Yazdchi filed his claims in federal court claiming diversity jurisdiction, as he resides in Harris County, Texas, and MBUSA is a corporation incorporated and with its principal place of business in Georgia. [*Id.* ¶¶ 1–2]. He claims that his damages exceed $75,000. [*Id.* ¶ 5]. Yazdchi also seeks "exemplary" damages. [*Id.* ¶ 10].

MBUSA moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on March 25, 2019. [ECF No. 9]. This Court denied the motion without prejudice but allowed the Parties to file for summary judgment with corresponding evidence. [ECF No. 17]. MBUSA then filed the instant motion to dismiss and for summary judgment. [ECF No. 18]. MBUSA argues that Yazdchi's claims are barred both by Texas' statute of repose and statute of limitations, as he allegedly brought these claims more than 15 years after MBUSA sold the car and more than two years after his claims accrued. [*Id.*]. Yazdchi filed his response in opposition, [ECF No. 19], in which he primarily contests whether he was properly served with the motion for summary judgment and disputes MBUSA's affidavit attached to its motion. Although Yazdchi complains about not being served in his response, it is clear from the fact that he responded (and did so within the deadlines set by the Court) that he received it. Regardless, despite this disagreement, this Court has received and considered the response. Thus, the motion is now ripe for ruling.

## II.   Motion for Sanctions

The Court further notes that in MBUSA's motion, it maintained its pending request for sanctions against Yazdchi as a vexatious litigant. [ECF No. 18 n.1]. The Court need not recount the long list of cases submitted to the Court that involve Yazdchi but will briefly address the basis for this motion. In January 2016, a judge in the 215th Judicial District of Harris County, Texas, determined Yazdchi to be a vexatious litigant under the Texas Civil Practice & Remedies Code. It found that he had engaged in five or more such cases within a seven-year period and that he had a

"long history of vexatious litigation." *Yazdchi v. Wells Fargo Bank, N.A.*, No. 2015-11585 (215th Dist. Ct., Harris County, Tex. Jan. 15, 2016). That Court "prohibit[ed] Ali Yazdchi from filing any new pro se litigation in any court in the state of Texas without permission of the appropriate local administrative judge. This Order applies to every court in the state of Texas." *Id.* Further, an almost identical prohibition was entered against Yazdchi in July 2015 by the 151st Judicial District of Harris County, Texas. *Yazdchi v. BBVA Compass Bank*, No. 2015-0657, at *4 (151st Dist. Ct., Harris County, Tex. July 13, 2015). The Southern District of Texas has also previously acknowledged Yazdchi's history of frivolous litigation and stated that "Yazdchi is specifically warned that continued frivolous litigation will result in sanctions." *Yazdchi v. JPMorgan Chase Bank, N.A.*, No. 4:15-cv-00121, 2015 WL 12551491, at 4 (S.D. Tex. Dec. 28, 2015) (Rosenthal, J.). While this Court declines to issue sanctions at this juncture, the Court will again specifically remind the Plaintiff that just because it is not granting sanctions in the instant case, this Court or others may very well do so in the future if frivolous litigation is filed.

## III. Legal Standard

### A. Motion to Dismiss

This Court, as per its earlier notice, is treating this motion as a motion for summary judgment under Rule 56 and therefore need not discuss the law that governs motions to dismiss.

### B. Motions for Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the court should not grant the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25 (1986). The nonmovant then must provide specific facts showing that there is a genuine dispute.

*Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

In considering the evidence presented by the parties, the Fifth Circuit has made clear that "unsubstantiated assertions are not competent summary judgment evidence" and that "[s]ummary judgment . . . may be appropriate, even in cases where elusive concepts such as motive or intent are at issue, . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993).

**IV.  Law and Analysis**

   *A.* Erie *Analysis*

Where federal jurisdiction is based on diversity, the Court applies the substantive law of the forum state. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "To determine Texas law, we look to decisions of the state's highest court, or in the absence of a final decision by the court on the issue under consideration, we must determine, in our best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup, Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotation marks omitted). The Court will therefore turn to the statutory language of the relevant Texas laws and any relevant decisions of Texas courts to see how they have implemented the statutes of repose and limitations to products liability cases.

### B. Statute of Repose

MBUSA moves for summary judgment based on the statute of repose set forth in Section 16.012 of the Texas Civil Practice & Remedies Code because the suit was not commenced within 15 years of the date that MBUSA originally sold the vehicle, a 2000 Mercedes-Benz S500.

Throughout the course of this lawsuit, and in his response in opposition to summary judgment, Yazdchi has contested the applicability of Section 16.012 under the following theories: (1) that Yazdchi allegedly leased the car prior to purchasing it; (2) that the statute of repose in products liability cases should begin at the date of injury; and (3) that the statute of repose should be tolled from the time of discovery of the defect, which was when the car jack was used in 2016. [*See* ECF. Nos. 11, 19]. In particular, Yazdchi points to an unauthenticated exhibit attached to a prior filing (which was earlier stricken from the record) showing that he purchased the vehicle in 2009. [See ECF No. 13, Ex. T]. He argues that because he purchased the vehicle (from an undisclosed seller) in 2009, the statute of repose should not preclude his claims.

Section 16.012(b) states that "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of sale of the product by the defendant." TEX. CIV. PRAC. & REM. CODE § 16.012. "A statute of repose is designed to protect certain classes of actors, such as manufacturers, from the threat of claims arising years after a product is manufactured." *Zaragosa v. Chemetron Invs., Inc.*, 122 S.W.3d 341, 346 (Tex. App.—Fort Worth 2003, no pet.). "A statute of repose differs from traditional statutes of limitation because it may potentially eliminate a right of action before it even accrues." *Heckel v. Allen Samuels Chevrolet*, No. 14-07-00254-CV, 2008 WL 4308406, at *3 (Tex. App.—Houston 2008, no pet.) (citing *Trinity River Auth. v. URS Consultants, Inc.-Tex.*, 889 S.W.2d 359, 363 (Tex. 1994)). "Statutes of repose do not typically shorten an existing limitations period; instead, they fix

5

an outer limit beyond which no action can be maintained." *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003).

The operative question is the date of the sale of the equipment *by the defendant*, regardless of when the plaintiff purchased the product. *Zaragosa*, 122 S.W.3d at 345–46. As applies here, if the injury occurred more than 15 years after the car's sale, the suit is barred by Section 16.012(b). TEX. CIV. PRAC. & REM. CODE § 16.012(b). The Fifth Circuit considered the question of the operative date of sale and held that "based on Texas's rules of statutory construction and the plain meaning of the statute, the relevant 'date of sale' under the Texas products liability statute of repose is the date of first sale regardless of whether that sale is to a consumer." *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 (5th Cir. 2011).

MBUSA argues that the statute of repose bars this lawsuit because car was initially sold in 1999. [ECF No. 18-1, Yanowitz Decl. ¶ 6]. According to the uncontroverted declaration of Noah Yanowitz, MBUSA sold the car at issue and all of its accessories prior to August 16, 1999. [*Id.*]. The car is identified by Vehicle Identification Number WDBNG75J3YA057440. [*Id.* ¶ 4]. It was manufactured by Daimler AG and sold to MBUSA, the exclusive distributor of Mercedes-Benz vehicles within the United States. [*Id.*].

MBUSA maintains vehicle reports, called a Vehicle Master Inquiry ("VMI"), through the course of its regular business activities which compile information about a vehicle throughout its recorded events, such as a sale, by employees at MBUSA with personal knowledge of the recorded event. [*Id.* ¶ 5].[1] According to the sworn declaration from Yanowitz, after the original sale from the manufacturer to MBUSA, MBUSA then sold the car to a dealership, which then sold the car

---

[1] Yanowitz avers that through his employment at MBUSA, he is familiar with VMI reports and the process by which they are created and can attest that the VMI report provided as MBUSA's Exhibit A is a true and correct copy of the report for the car at issue. [*Id.* ¶ 5].

6

to an end user on or before August 16, 1999. [*Id.* ¶ 6–7, 9]. The VMI also indicates the sale date as August 16, 1999. [ECF No. 18-1, Ex. A].

In Yazdchi's initial *in forma pauperis* petition, response supporting the same, and his Complaint, he stated that he had purchased the 2000 Mercedes-Benz S500 at least ten years prior to filing suit. [*See* 4:18-mc-3535, ECF Nos. 1, 3; 4:19-cv-29, ECF No. 1]. Yazdchi explained the timing of this purchase as part of the justification for why he should be allowed to proceed in the instant case *in forma pauperis*. [4:18-mc-3535, ECF No. 3]. In his Complaint, Yazdchi pleaded that "defendant so negligently and carelessly designed, manufactured, assembled, inspected, and *sold* the car with defective jack that it was dangerous and unsafe for its intended uses." [4:19-cv-29, ECF No. 1 ¶ 7 (emphasis added)]. Although confusingly worded, the following sentence also suggests that Yazdchi purchased the car as new from MBUSA: ". . . this Mercedes was purchased approximately over $80,000 when it was new from Mercedes, Mercedes should not sell a car with defective jack to the customers . . . ." [*Id.* ¶ 6]. Yazdchi provided no evidence or even argument regarding when the car was initially sold by MBUSA, regardless of whether it was to a dealership or to a different buyer or to Yazdchi.

Later, however, in response to MBUSA's Motion to Dismiss, Yazdchi claimed—for the first time—that the car was actually leased to him. [4:19-cv-29, ECF No. 11]. He maintains this argument in his opposition to summary judgment. He argued that Sec. 16.012 does not apply because the car was initially leased before being purchased. [*Id.*]. Yazdchi provided no explanation or proof of this fact. Notably, MBUSA's Yanowitz declaration avers that MBUSA does not lease vehicles at all. [ECF No. 18-1, Yanowitz Decl. ¶ 8]. Yazdchi provided no evidence regarding his alleged lease of the vehicle. Moreover, even if Yazdchi were to provide evidence or argument regarding the date of purchase or lease, that would not change the analysis in this case, as the date

7

that the statute of repose accrues begins at the initial sale by this defendant. *See Zaragosa*, 122 S.W.3d at 345–46. Here, the uncontroverted summary judgment evidence shows that MBUSA sold the car for the first time in 1999 and it has never leased it.

Next, Yazdchi argued that the statute of repose should be tolled to the time of discovery of the defect, that is, tolled to the date of his injury. In other words, Yazdchi sought for this Court to apply the statute of repose as if it were a 15-year-long statute of limitations. This interpretation flies in the face of precedent and clear statutory language. As the Fifth Circuit has explained, "awareness of injury is not a factor in determining when the time period of a statute of repose starts to run." *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 363 (5th Cir. 2005). "Unlike a statute of limitations, 'a statute of repose creates a substantive right to be free from liability after a legislatively determined period.'" *Id.* (quoting *Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App.—Austin 2004, no pet.)). As the Fifth Circuit summarized:

> In other words, a statute of repose establishes a "right not to be sued," rather than a "right to sue." Thus, with the expiration of the period of repose, the putative cause of action evanesces; life cannot thereafter be breathed back into it. In Texas, such statutes "represent a response by the [Texas] legislature to the inadequacy of traditional statutes of limitations and are specifically designed to protect [manufacturers] . . . from protracted and extended vulnerability to lawsuits."

*Id.* at 363–64 (quoting *Tex. Gas Exploration Co. v. Fluor Corp.*, 828 S.W.2d 28, 32 (Tex. App.—Texarkana 1991, writ denied)). Yazdchi's argument to toll therefore fails as a matter of law.

Yazdchi has failed to raise an issue of material fact regarding the date of sale of the car or an alleged lease, and therefore he cannot maintain a claim against MBUSA for any injuries incurred more than fifteen years after the initial sale by MBUSA, which occurred at the latest in August 1999.

### C. Statute of Limitations

MBUSA next claims that Yazdchi's claims are also barred by the two-year statute of limitations that applies to products liability claims under Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). In response, Yazdchi contends that the incident occurred on December 14, 2016, and therefore his suit, filed December 14, 2018, is not barred.

A plaintiff asserting a products liability claim has two years from the date of injury to file suit. TEX. CIV. PRAC. & REM. CODE § 16.003(a). "Generally, a cause of action accrues when a wrongful act causes a legal injury." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011). The limitations period begins to accrue from the date that a plaintiff discovers or should have discovered his injury and its cause, such as the date of the accident or incident at issue. *See Glasscock v. Armstrong Cork Co.*, 946 F.2d 1085, 1092 (5th Cir. 1991); *Vercher v. Knight-Swift Transp. Holdings, Inc.*, No. A-19-CV-00508-LY, 2019 WL 3207804, at *2 (W.D. Tex. July 15, 2019); *Herrera v. Price*, No. 05-18-00030-CV, 2019 WL 580846, at *3 (Tex.App.—Dallas, Feb. 13, 2019). Under Texas law, a plaintiff generally must file suit and serve process on the defendant within the limitations period or his or her claim will be time-barred. *Henderson v. Republic of Texas*, 672 F. App'x 383, 384 (5th Cir. 2016). Here, the alleged wrongful act was the incident in which the car jack bent while Yazdchi attempted to change a tire, causing the vehicle to fall and injure the car and Yazdchi.

In response to the motion for summary judgment, Yazdchi maintained (without proper summary judgment evidence) that his injury occurred on December 14, 2016, and that he filed suit exactly two years later on December 14, 2018. [*See* ECF Nos. 1, 11]. MBUSA, however, disputes this timing based on evidence provided by Yazdchi. Along with his original Complaint, and again in response to the motion, Yazdchi filed a copy of an email he sent to MBUSA near the time of

the incident explaining what had happened to his car and requesting financial reimbursement. [ECF No. 1, Ex. A; No. 19, Ex. A]. Despite some lack of clarity in the email, Yazdchi indicated that the incident occurred at nighttime in Texas, that he had to have the car towed to Corpus Christi, and that he had to stay in a hotel overnight. [*Id.*]. His email was sent at 11:24 a.m. on December 14, 2016. MBUSA contends that the email demonstrates that at least one night, if not more time, passed between the incident and sending the email. Accordingly, MBUSA argues that Yazdchi was required to file suit at least on or before December 13, 2018.

At summary judgment, Yazdchi bears the burden to explain or provide controverting evidence that might contradict MBUSA's version of this timeline. *See Celotex*, 477 U.S. at 324. He has not done so. Without any proper summary judgment evidence explaining when the alleged injury occurred and how his email is consistent with the statute of limitations, the Court cannot find an issue of material fact regarding his compliance with the statute of limitations. Since Yazdchi has produced no evidence suggesting that he filed these claims within two years of the alleged incident, his suit is time-barred under Texas law.

MBUSA has additionally argued that even if the Court were to find that Yazdchi could meet the statute of limitations by filing his IFP Application on December 14, 2018, that his claims would still be time-barred because time should continue to run during the days between when his IFP Application was initially denied and when it was finally granted. Yazdchi filed an application to proceed *in forma pauperis* in this matter (the "IFP Application") along with his Complaint on December 14, 2018. [4:18-mc-3535, ECF No. 1]. This Court originally denied the IFP Application on December 17, 2018, but subsequently granted the IFP Application on January 3, 2019 after Yazdchi filed additional information. [4:18-mc-3535, ECF Nos. 2, 3, 4]. His Complaint was filed and this case was opened on January 3, 2019. [ECF No. 1]. The Court, however, finds it

unnecessary to decide this issue because as seen above, Yazdchi's claims against this defendant are barred for at least two other reasons.

V.   **Conclusion**

Therefore, the Court hereby **ORDERS** that MBUSA's Motion for Summary Judgment [ECF No. 18] is **GRANTED**. MBUSA's request for sanctions is **DENIED**. Plaintiff's claims are **DISMISSED** with prejudice. A separate order entering final judgment will follow.

Signed at Houston, Texas, this 31st day of July, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE